**Ding Jian ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 03–40118–AG.**

United States Court of Appeals,
Second Circuit.

Dec. 14, 2005.

Joan Xie; New York, New York, for Petitioner.

Helen J. Brunner, Assistant United States Attorney for the Western District of Washington; Seattle, Washington, for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Present: FEINBERG, B.D. PARKER, and CUDAHY,** Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be DISMISSED in part and DENIED in part.

Petitioner Ding Jian Zhang, a citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming without an opinion a decision of an Immigration Judge ("IJ"). Familiarity with the record below and issues on appeal is presumed.

Section 208(a)(1)(B) of the Immigration and Nationality Act ("INA") precludes judicial review of the IJ's discretionary denial of the petitioner's claim of asylum for failure to file the application within the one-year limitation period without demonstrating the existence of either changed circumstances materially affecting the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing. 8 U.S.C. § 1158(a)(3). *See, e.g. Sharari v. Gonzales,* 407 F.3d 467, 473 (1st Cir.2005); *Tarrawally v. Ashcroft,* 338 F.3d 180, 185 (3d Cir.2003); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). The IJ correctly concluded that Zhang did not file within this period. We therefore dismiss that portion of the petition for review, challenging the denial of the asylum claim for lack of jurisdiction.

While we lack jurisdiction to review the denial of the petitioner's claim of asylum, we are not deprived of jurisdiction to consider the petitioner's remaining claims of withholding of removal under the INA, 8

U.S.C. § 1231(b)(3), and protection under Article 3 of the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16. "We review the factual findings underlying the BIA's determination ... under the substantial evidence standard. Such findings must be upheld if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000) (internal citation and quotation omitted). When the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly. *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003).

After reviewing the record, we are persuaded that the inconsistences in the petitioner's testimony constituted substantial evidence supporting the IJ's adverse credibility finding. *See Zhang v. INS,* 386 F.3d 66, 77 (2d Cir.2004). Because petitioner failed to present sufficient credible evidence that he will face persecution upon his return to China, there is no basis for disturbing the IJ's conclusion that the petitioner failed to establish a "clear probability" that he will be persecuted if he were to return to China and that he therefore failed to satisfy his burden of proof for relief pursuant to withholding of removal. *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). The IJ also correctly concluded that the petitioner was ineligible for CAT relief, because he offered no evidence that, more likely than not, he would be tortured if he returned to China. *See Wang v. Ashcroft,* 320 F.3d 130, 143 (2d Cir.2003).

We have considered petitioner's remaining contentions and find them to be without merit. The petition for review is

---

** The Honorable Richard Cudahy, Circuit Court Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation

therefore DISMISSED in part and DE-NIED in part.